UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Richard Craig Moon, | ) | |
| | ) | Cr No.: 6:06-cr-00638-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before this Court on Petitioner Richard Craig Moon's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255, filed on January 4, 2010. This Court has thoroughly reviewed the motion, the case file, the United States' Response, and the records in this case. This Court finds that a decision may be rendered on the Motion without a hearing. *See* 28 U.S.C. § 2255(c). For the reasons set forth below, Petitioner's Motion to Vacate must be DENIED.

**BACKGROUND**

In January of 2005, Fountain Inn police officers stopped Petitioner in his Dodge pick-up truck for running a stop sign. After confirming that Petitioner owned the vehicle, officers obtained consent from him to search the truck. During the search, officers found small amounts of metahamphetamine and marijuana. They also found a loaded Mossberg twelve-gauge shotgun in the vehicle and six rounds

of ammunition. Subsequent investigation revealed that Petitioner was a convicted felon.

Petitioner was charged in a two count Indictment in the District of South Carolina on June 13, 2007. Count one of the Indictment charged him with being a felon in possession of firearm and ammunition, a Mossberg 12 gauge shotgun and 12 gauge ammunition; in violation of 18 U.S.C. §§ 922 (g)(1), 924 (a)(2), and 924 (e). Count two charged him with possession with intent to distribute a quantity of a mixture or a substance containing a detectable amount of methamphetamine and a quantity of marijuana; in violation of 21 U.S.C. §§ 841 (a)(1), 841 (b)(1)(C), and 841 (B)(1)(D).

On June 26, 2007, Petitioner, represented by attorney James Loggins, pleaded guilty to the Indictment. Petitioner was sentenced on December 10, 2007. He had no objection to the presentence investigation report (PSR) in which his guideline range was determined to be 180 to 188 months imprisonment. He also had no objection to his status as an armed career criminal and the mandatory minimum fifteen year sentence he was facing. Subsequently, Petitioner was sentenced to 180 months in prison and five years of supervised release. Judgment was entered on December 14, 2007. Petitioner filed notice of appeal on January 16, 2008. In accordance with *Anders v. California*, 386 U.S. 738 (1967), the Fourth Circuit Court of Appeals reviewed the entire record in the case and found no meritorious issues for appeal and consequently affirmed his conviction on November

24, 2008. On January 4, 2010, Petitioner filed the current § 2255 Motion. In his Motion he repeats his challenge to his armed career criminal status.

This Court sent Petitioner an order on January 26, 2010, pursuant to *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), advising that the Court planned to construe Petitioner's motion as one under 28 U.S.C. § 2255 absent Petitioner's objection. On February 9, 2010, when Petitioner did not object, this Court ordered the Government ("Respondent") to respond. Respondent filed a Motion for Summary Judgment on February 26, 2010, along with a supporting memorandum.

This Court sent Petitioner a *Roseboro* order on March 1, 2010, notifying him of the summary judgment procedures. Petitioner responded on April 2, 2010, objecting to the government's Motion for Summary Judgment.

## STANDARD OF REVIEW

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, § 2255 requires a petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." This is the proof needed to allege a constitutional error.

"The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.' " *Leano v. U.S.*, 334 F.Supp.2d 885, 890 (D.S.C.2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495-96 (4th Cir.1999). In deciding a § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Here, Respondent has filed a Motion for Summary Judgment. The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as

provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see Celotex*, 477 U.S. at 317.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

## DISCUSSION

In his § 2255 Motion, Petitioner raises only one ground for relief: "Ineffective Assistance of Counsel." Petitioner states that "(t)rial counsel was ineffective for failing to investigate . . . Movant's prior convictions used to enhance his sentence as an Armed Career Criminal . . . thereafter to object to the enhancement or designation." (§ 2255 Motion at 5.) As Respondent correctly argues, these claims fail to carry the burden imposed under § 2255.

**I. Petitioner is barred from collaterally attacking his conviction on the basis of issues raised on direct appeal.**

In his § 2255 Motion Petitioner is trying to re-litigate an issue that has already been decided adversely to him on appeal. Specifically, he asserts that two of his predicate offenses were uncounseled and should not have been used to qualify him

as an armed career criminal. He states that his attorney was ineffective because he failed to investigate these convictions. (*See* Br. in Support of Mot. at 6.) Obviously, this is merely an attempt to have this Court consider the merits of his § 2255 Motion by casting his claim as one of ineffective assistance of counsel.  The fact of the matter is the prior convictions of which Petitioner is complaining were not used to enhance his sentence. He was given four criminal history points for predicate convictions of drug possession and assault and battery. (*See* PSR at 5-7).

Petitioner simply cannot re-new his challenge to his armed career criminal status because he raised the same issue on direct appeal to the Fourth Circuit Court of Appeals, which, after reviewing the entire record pursuant to *Anders v. California*, 386 U.S. 738 (1967), found:

> In imposing the sentence, the district court considered the properly calculated advisory guideline range and the factors under 18 U.S.C. § 2553(a)(2006). Because Moon had three or more prior convictions for a "violent felony" and/or "serious drug offense" committed on occasions different from one another, he was an armed career criminal subject to a mandatory minimum sentence of 180 months imprisonment under § 924(e) . . .

*U.S. v. Moon*, 301 Fed. Appx. 246, 247 (2008)

Petitioner has stated nothing on which to base his claims. He is trying to raise constitutional issues to support his Motion pursuant to § 2255, but he can not do so by simply raising factual issues which have already been determined adverse to him at the trial level, sentencing, and on appeal.

Therefore, Petitioner is precluded from arguing these claims on collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976) (collateral attack cannot ordinarily be made on the basis of issues raised on direct appeal). In order to prevail on his Motion collaterally attacking his conviction and sentence, Petitioner must prove a lack of jurisdiction, a constitutional error, or an error that constitutes a fundamental defect which inherently resulted in a complete miscarriage of justice. *Hill v. United States*, 368 U.S. 424, 428 (1962); *United States v. Addonizio*, 442 U.S. 178, 184-85 (1979). Petitioner's claims do not satisfy those exacting standards and his claims fail.

Petitioner has not demonstrated any support whatsoever for the allegations in his motion. His issues were addressed and denied. He can not now raise them on collateral attack.

## II. Ineffective assistance of counsel.

In his Motion, Petitioner alleges his attorney, James Loggins, was ineffective because Mr. Loggins failed to investigate whether Petitioner's prior convictions were uncounseled and therefore could not be used to qualify him as an armed career criminal.

Petitioner was properly sentenced as an armed career criminal, therefore his attorney had no duty to raise the issue. Furthermore, the Fourth Circuit Court of Appeals has reviewed Petitioner's case in it's entirety and found that he was properly sentenced as an armed career criminal.

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that his counsel's deficiencies prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689. In order to satisfy the second prong of the *Strickland* test, Petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. Courts should not measure the competency of defense counsel's advice by retrospectively considering whether it was right or wrong, but should confine inquiry to the question of whether defense counsel's representation was within the range of competence demanded of attorneys in criminal cases. *McMann v. Richardson*, 397 U.S. 759, 770-771 (1970). Failure to raise non-meritorious issues does not constitute ineffective assistance. See *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000) (noting counsel need not raise issues on appeal that lack merit).

As to the prejudice prong, Petitioner has the burden to prove that the alleged deficiencies were in fact prejudicial to the outcome of the proceeding. It is not enough to show that the errors had some conceivable effect on the outcome of the

proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Strickland*, 466 U.S. at 693. When challenging a conviction entered after a guilty plea, the defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *United States v. Roane*, 378 F.3d 382 (4th Cir. 2004).

There is no evidence in the record that indicates that Petitioner's attorney provided ineffective assistance. Moreover, Petitioner never shows, as he must, how his attorney's alleged failure impacted the outcome of his case. Not only is Petitioner's claim for relief here baseless and without merit, his claim is erroneous. This allegation is a baseless, general, conclusory statement subject to summary dismissal as it is a contention that in the face of the record is wholly incredible. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Mr. Loggins committed no error in this regard, therefore, this claim does not show how his actions were unreasonable and should be rejected. Conclusory allegations do not act to carry Petitioner's burden to show that his attorney was deficient, and that the result of the proceeding would have been different had counsel done more. *Id*. Petitioner simply cannot show how his attorney's actions were unreasonable in light of prevailing norms or how he was prejudiced from any of the alleged errors of Mr. Loggins. Even accepting Petitioner's contention that his attorney's assistance was unprofessional, he cannot show that the result of his proceeding would have been different had his attorney

acted otherwise because his sentence was proper and reasonable. As such, he has shown no error of constitutional magnitude. Therefore, his claims of ineffective assistance of counsel fail.

Notably, Petitioner's allegations of ineffective assistance against Mr. Loggins are also directly contradicted by his prior statements to the Court. At his plea hearing, Petitioner stated that he was satisfied with his attorney:

> THE COURT: . . . . Have you had an ample opportunity to discuss your case with your lawyer?. . . . Mr. Moon?
>
> MR. Moon: Yes, your honor. . . . .
>
> THE COURT: All right. Are you satisfied with your lawyer's representation? . . . . .Mr. Moon?
>
> MR. Moon: Yes, your honor. . . . .
>
> THE COURT: All right. Has your attorney done everything you've asked him to do? . . . . . Mr. Moon?
>
> MR. Moon: Yes, your honor. . . . .
>
> THE COURT: All right. Has he or she failed to do anything you have asked him or her to do?. . . . . Mr. Moon?
>
> MR. Moon: No, your honor. . . . .

(Plea Tr. at 16-18).

Statements previously made under oath that affirm satisfaction with counsel are binding on the defendant absent strong evidence to the contrary. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing *Blackledge*, 431

U.S. at 74). Clearly, Petitioner has not met that burden. Therefore, his claim of ineffective assistance of counsel fails.

IT IS THEREFORE ORDERED that the Respondent's Motion for Summary Judgment is GRANTED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DISMISSED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

April 6, 2010
Anderson, South Carolina

# CERTIFICATE OF APPEALABILITY[1]

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

   **IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

---

[1]   On December 1, 2009, the Rules Governing Section 2254 and 2255 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* 28 U.S.C. § 2254, Rule 11(a); 28 U.S.C. § 2255, Rule 11(a). This amendment also encompasses motions to reconsider final rulings on habeas petitions. *See U.S. v. Haynes*, No. 09-7606, 2009 WL 4506466 (4th Cir. Dec. 9, 2009).