UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr No.: 6:06-cr-00638-GRA |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Richard Craig Moon, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before this Court on a Motion filed by Defendant Richard Craig Moon. For the reasons discussed herein, Defendant's Motion is denied.

Defendant was sentenced on December 10, 2007, to 180 months in prison and five years of supervised release for various drug- and gun-related offenses. The U.S. Court of Appeals for the Fourth Circuit affirmed Defendant's conviction on November 24, 2008. On January 4, 2010, Defendant filed Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 Petition"). The Government moved for summary judgment, and this Court sent Petitioner a *Roseboro* order on March 1, 2010, notifying him of the summary judgment procedures. Defendant responded on April 2, 2010, objecting to the Government's Motion for Summary Judgment. After a careful review of the case, this Court dismissed Defendant's § 2255 Petition on April 6, 2010, and denied a certificate of appealability.

Between April and July 2010, Defendant filed three additional motions which reasserted the allegations made in his original § 2255 Petition, and referenced a U.S. Supreme Court case that was not applicable to Defendant's situation. On July 22, 2010, this Court denied Defendant's motions, reaffirmed its prior rulings, and reaffirmed its denial of a certificate of appealability.

Defendant brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Although Defendant's current Motion seeks "clarification," what Defendant actually seeks is further justification from this Court as to why Defendant's motions have been denied. Defendant's copious and frivolous filings have produced an unnecessarily voluminous record in this case. If Defendant requires any further information, he can find it among this paper trail he has left in his wake.

After a thorough review of the record in this case, this Court finds that its prior decisions in this case was and are correct as a matter of law. Consequently, this Court must deny Defendant's Motion.

Additionally, Defendant is cautioned that any further filings rehashing these same issues will be summarily dismissed and could result in sanctions.

IT IS THEREFORE ORDERED that Defendant's Motion (Dkt. No. 94) is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August 3 , 2010
Anderson, South Carolina