UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Richard Craig Moon, | ) | |
| | ) | |
| Petitioner, | ) | Cr. No.: 6:06-cr-00638-GRA-1 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner Richard Craig Moon's *pro se* Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and Petition for a writ *audita querela*, filed on October 19, 2012.  For the reasons stated herein, Petitioner's Petition is DISMISSED without prejudice.

## Background

On December 10, 2007, Petitioner, a federal inmate currently incarcerated within the District of South Carolina, was sentenced by this Court to 180 months imprisonment after pleading guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).  *See* ECF No. 44.  Petitioner filed a direct appeal to the Fourth Circuit Court of Appeals, and the Court affirmed Petitioner's conviction on November 24, 2008.  ECF No. 61; *United States v. Moon*, 301 F. App'x 246 (2008).  Subsequently, Petitioner filed a § 2255 motion to vacate his sentence, which this Court dismissed on April 6, 2010.  ECF No.

81.  Petitioner appealed this decision, and the Fourth Circuit dismissed Petitioner's §

2255 appeal on January 5, 2011.  ECF No. 102-1.

## Standard of Review

Petitioner brings this motion *pro se.* This Court is required to construe *pro se*

pleadings liberally. Such pleadings are held to a less stringent standard than those

drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

This Court is charged with liberally construing a pleading filed by a *pro se* litigant to

allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*,

454 U.S. 364, 365 (1982).

## Discussion

Petitioner seeks to vacate the sentence imposed by this Court pursuant to 28

U.S.C. § 2241.  Alternatively, Petitioner seeks a writ of *audita querela*.  Each Petition

is discussed herein.

### *§ 2241 Petition*

Generally, "defendants convicted in federal court are obliged to seek habeas

relief from their convictions and sentences through § 2255."  *Rice v. Rivera,* 617 F.3d

802, 807 (4th Cir. 2010).  However, second or successive § 2255 petitions are

prohibited unless the United States Court of Appeals certifies that the petition

contains:

> (1) newly discovered evidence that, if proven and viewed in light of the
> evidence as a whole, would be sufficient to establish by clear and
> convincing evidence that no reasonable factfinder would have found the
> movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (2006).  Here, Petitioner recognizes that he has previously challenged his sentence in a § 2255 motion, and concedes that there are no grounds for him to file a successive motion under § 2255.

Nonetheless, Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.  Under the "savings clause" in 28 U.S.C. § 2255(e), a federal prisoner may seek habeas corpus relief under § 2241 if he is able to show that § 2255 "is inadequate or ineffective to test the legality of the detention."  *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).  However, the mere fact that habeas relief under § 2255 has become unavailable because of the prohibition against second or successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).  Rather, for a § 2255 motion to be inadequate or ineffective, Petitioner must prove that:

(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

(3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333–34.

In this case, Petitioner is unable to satisfy the savings clause of § 2255. Petitioner fails to prove the second element of the test which requires that "the

substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *Id.*  Petitioner provides no evidence that the conduct for which he was convicted has been deemed non-criminal by any substantive law change.  Instead, Petitioner alleges that the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), has rendered his designation as a career criminal under the Armed Career Criminal Act (ACCA) and sentence enhancement improper.  However, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."  *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.").  Thus, because Petitioner challenges the armed career criminal sentencing enhancement rather than the criminality of his offense conduct, he has not raised a claim that may be presented in a § 2241 Petition.

Moreover, the Fourth Circuit has not held that its decision in *Simmons*, which was decided on August 17, 2011, is retroactive.  *See Simmons*, 649 F.3d 237.  Also, the United States Supreme Court has not held that its holding in *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577 (2010)—the case on which the holding in *Simmons* is based—is retroactive to cases on collateral review.  In the absence of a determination by the Fourth Circuit that *Simmons* applies retroactively, the Court

cannot say that Petitioner is entitled to raise that case as a basis for his § 2241 Petition.

Therefore, because Petitioner fails to meet the requirements of § 2255's savings clause, his § 2241 Petition must be dismissed.

*Writ of Audita Querela*

Alternatively, Petitioner alleges that he is entitled to relief through a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651.  Writs of *audita querela* are used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition."  *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991).  Rule 60(e) of the Federal Rules of Civil Procedure formally abolished "writs of *coram nobis*, *coram vobis*, and *audita querela*." Fed.R.Civ.P. 60(e).  However, in *United States v. Morgan*, 346 U.S. 502 (1954), the Supreme Court held that the writ of *coram nobis* was still available in the criminal context under the All Writs Act.  In light of this holding, at least five circuits have assumed "without deciding, that in some set of circumstances *audita querela* might appropriately afford post-conviction relief to a criminal defendant."  *Reyes*, 945 F.2d at 865; *see also United States v. Richter*, 510 F.3d 103 (2d Cir. 2007); *United States v. Johnson*, 962 F.2d 579 (7th Cir. 1992); *United States v. Holder*, 936 F.2d 1 (1st Cir. 1991); *United States v. Ayala*, 894 F.2d 425 (D.C. Cir. 1990).  Likewise, the Court assumes for purposes of this case that a prisoner may seek a writ of *audita querela* under the All Writs Act under certain circumstances.

However, a writ of *audita querela* is not appropriate in this case.  A petitioner is not entitled to a writ of *audita querela* "when other avenues of relief are available, such as a motion to vacate under § 2255." *In re Wright*, 437 F. App'x 214 (2011); *see also United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002); *Johnson*, 962 F.2d at 582.  It is of no consequence if a petitioner is precluded from filing a second or successive § 2255 claim by the provisions of the AEDPA or if the prisoner cannot bring a claim under § 2241.  *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001).  As explained by the Seventh Circuit, if the limitations of the AEDPA foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal prisoners, "it would be senseless to suppose that Congress permitted them to pass through the closed door [by way of the All Writs Act] simply by changing the number 2241 to 1651 on their motions." *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *see also Valdez-Pacheco*, 237 F.3d at 1080 ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs.").

In this case, Petitioner has availed himself of both a § 2255 Petition and a § 2241 Petition.  He is not entitled to a writ of *audita querela* simply because these Petitions have been unsuccessful and he is precluded under the provisions of the AEDPA from filing a second or successive Petition.

Moreover, writs of *audita querela* "survive only to the extent that they fill 'gaps' in the current systems of postconviction relief." *Valdez-Pacheco*, 237 F.3d at 1079.  Here, because *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) does not

apply retroactively, no "gaps" have been created that provide a ground for a writ of *audita querela*. Furthermore, even if the case did apply retroactively, its holding which focused only on North Carolina's unique state court sentencing regime does not affect Petitioner's previous South Carolina convictions for ACCA purposes. Such a sentencing regime does not exist in South Carolina, and Petitioner's South Carolina convictions continue to qualify as predicate offenses under the ACCA.

Therefore, Petitioner's request for a writ of *audita querela* is denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion is DISMISSED without prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December 13, 2012
Anderson, South Carolina

## <u>NOTICE OF RIGHT TO APPEAL</u>

Petitioner has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.