UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Richard Craig Moon, ) | |
| ) | |
| Petitioner, ) | |
| ) | Cr. No.: 6:06-cr-00638-GRA-1 |
| v. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | (Written Opinion) |
| Respondent. ) | |
| ) | |

This matter comes before this Court on Richard Craig Moon's ("Petitioner") Motion to Vacate, Set Aside or Correct Defendant's Sentence pursuant to 28 U.S.C. § 2255, filed on April 6, 2015. For the reasons set forth below, Petitioner's § 2255 Motion is DISMISSED.

### Standard of Review

Petitioner brings this Motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

On December 10, 2007, Petitioner, a federal inmate currently incarcerated within the District of South Carolina, was sentenced by this Court to 180 months imprisonment after pleading guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).  *See* ECF No. 44.  Petitioner filed a direct appeal to the Fourth Circuit Court of Appeals, and the Court affirmed Petitioner's conviction on November 24, 2008.  ECF No. 61; *United States v. Moon*, 301 F. App'x 246 (2008).

Subsequently, Petitioner filed a § 2255 motion to vacate his sentence, which this Court dismissed on April 6, 2010.  ECF No. 81.  Next, on April 29, 2010, Petitioner filed two motions: one was titled a "Motion to Stay and Notice of Intent to Appeal Movant 2255 Motion," and the second was titled "Motion for Leave to Supplement Motion to Vacate, Set Aside, or Correct Sentence."  ECF Nos. 88 & 89.  On July 7, 2010, Petitioner filed a third motion titled "Motion for Summary Disposition and to Resentencing."  ECF No. 91.  This Court denied all three of Petitioner's motions on July 22, 2010.  ECF No. 92.  Petitioner then filed a Motion for clarification on August 2, 2010.  ECF No. 94.  On August 3, 2010, this Court issued an Order denying the Motion for clarification.  ECF No. 95.

Petitioner then appealed this Court's order denying relief on his § 2255 motion. The Fourth Circuit issued an opinion dismissing the appeal on January 5, 2011.  ECF

No. 101.  On October 19, 2012, Petitioner filed another motion to vacate.  ECF No. 103.  This Court dismissed that motion on December 13, 2012.  ECF No. 105.

Petitioner filed the present Motion under 28 U.S.C. § 2255 on April 6, 2015. ECF No. 110.  The government filed a Motion to Dismiss and Response to Moon's § 2255 Motion on May 27, 2015.  ECF No. 114.  The Court is now ready to rule on Petitioner's § 2255 Motion.

## Discussion

Generally, when federal prisoners "seek habeas relief from their convictions and sentences," the proper avenue is a petition under 28 U.S.C. § 2255.  *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).  However, a "second or successive [§ 2255] motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals" to comprise:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  The district court lacks jurisdiction to consider a second or successive § 2255 motion without this pre-filing authorization.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (explaining that "a prisoner seeking to file a

successive application in the district court must first obtain authorization" from the court of appeals); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

However, "not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). "For example, when a first petition is dismissed on technical grounds, such as failure to exhaust state remedies, it is not counted; thus, a subsequent petition is not considered second or successive." *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) ("A habeas petition in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.")). A "new judgment intervening between the two habeas petitions" would prevent a numerically second habeas petition from being classified as "second or successive." *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010); *see United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (stating that Hairston's numerically second § 2255 motion was not a "second or successive" motion for purposes of 28 U.S.C. § 2255(h) when a state court vacated a conviction after the district court denied his first § 2255 motion, because "Hairston's claim was unripe at the time his numerically first motion was adjudicated").

Here, Petitioner previously filed a § 2255 motion that was adjudicated on the merits, *see United* States *v. Moon*, Cr. No. 6:06-cr-00638-GRA-1 (D.S.C.) at ECF No. 81, and he has not obtained an order from the Fourth Circuit granting him permission to file a second or successive motion in the district court. Therefore, this Court does not have jurisdiction to consider Petitioner's current § 2255 Motion. Furthermore,

Petitioner has not pointed to any intervening judgment that would prevent his current Motion from being classified as "second or successive."[1]

## **Conclusion**

This is Petitioner's second § 2255 motion. Petitioner must obtain authorization from the Fourth Circuit to file a second or successive § 2255 motion. As Petitioner has not obtained this authorization, this Motion is subject to dismissal.

**IT IS THEREFORE ORDERED** that Petitioner's Motion is DISMISSED as an uncertified, successive motion. The Court declines to issue a certificate of appealability in this matter.[2]

G. Ross Anderson, Jr.
Senior United States District Judge

June  11 , 2015
Anderson, South Carolina

---

[1] "The issue in *Hairston* and the two cases it primarily relied on all involved prior convictions being vacated, rather than subsequent case law concluding that a still-valid prior conviction no longer counts as a predicate offense." *Joy v. United States*, No. 4:06-CR-01317-TLW, 2014 WL 3054727, at *2 (D.S.C. July 3, 2014) *appeal dismissed*, 585 F. App'x 33 (4th Cir. 2014) (citations omitted) (concluding that "*Hairston* does not provide Petitioner with relief" as Petitioner's case "does not involve a vacated conviction"); *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." (emphasis in original)). Because this case does not involve a vacated conviction, this Court finds that *Hairston* does not provide Petitioner with relief.

[2] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. This Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").